FILED
SUPERIOR COURT
OF GUAM

2025 AUG 28 PH 4: 05

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JOHNNY C. TOVES, | **Special Proceedings Case No. SP0116-24** |
| Employee-Petitioner, | |
| vs. | **DECISION AND ORDER DENYING VERIFIED PETITION FOR JUDICIAL REVIEW** |
| GUAM CIVIL SERVICE COMMISSION, | |
| Respondent, | |
| vs. | |
| DEPARTMENT OF PUBLIC WORKS, | |
| Management-Real Party In Interest. | |

The Court here reviews the Guam Civil Service Commission's Decision and Judgment regarding Petitioner Johnny C. Toves' termination from the Department of Public Works. Having reviewed the record, the parties' briefs, and the relevant laws, the Court finds that Toves has failed to meet the requisite burden to establish the impossibility of compliance with Guam law requiring a government employee to report an arrest and criminal charge to his employer. Accordingly, the Court DENIES Toves' Petition for Judicial Review.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Toves was arrested on July 20, 2017, and confined at the Department of Corrections until August 7, 2017.  V. Pet. Jud. Rev., Ex. A at 2 (Aug. 30, 2024).  A DPW employee, Toves did not inform his supervisor of his arrest and confinement until July 26, 2017, and did not inform the Director of DPW of this information until August 10, 2017.  Admin. R. at 33 (Mar. 5, 2025).



DPW considered Toves to be on "unauthorized absent status" from July 24 to August 7, 2017. V. Pet. Jud. Rev., Ex. A at 2. Toves was served a Proposed Notice of Adverse Action on September 8, 2017, followed by a Final Notice of Adverse Action on September 19, 2017, for failure to comply with 4 GCA § 4202.1, which required him to report his charge to DPW within 72 hours. *Id.* He was terminated from employment with DPW on September 19, 2017. *Id.* He appealed to the CSC, which issued a Decision and Judgment on August 1, 2024, adopting the position of DPW and upholding the termination of Toves. *Id.*

Toves seeks judicial review and argues that it was impossible for him to comply with section 4202.1 while confined. Employee-Pet.'s Opening Br. at 4 (Apr. 14, 2025). He states he "reported his arrest and indictment at the first opportunity after his release from detention." *Id.* at 3. DPW disagrees and contends that he did not notify DPW at the first opportunity he was able to, and that he failed to provide the head of DPW with written notice as required by section 4202.1. Mgmt.-Real Party In Interest Resp. to Opening Br. at 3 (May 23, 2025).

The Court heard this matter on June 24, 2025. At the hearing, Toves propositioned that the employer had the burden to illustrate the adverse action was proper; meanwhile, DPW argued that the burden was on Toves to illustrate impossibility of compliance. The Court then took this matter under advisement.

## II.    LAW AND DISCUSSION

As a preliminary matter, the Court first identifies the appropriate standard of review for this action. Toves requests the Court to review the CSC's decision *de novo.* A decision of the CSC is final but subject to judicial review under a substantial evidence standard for factual determinations and a *de novo* standard for legal determinations. 4 GCA § 4403(d)(4); *Charfauros v. Guam Civil Serv. Comm'n (Guam Police Dep't)*, 2022 Guam 19 ¶ 17; *Guam*

ORIGINAL

*Hous. Corp. v. Guam Civil Serv. Comm'n (Potter)*, 2015 Guam 22 ¶ 9; *Port Auth. of Guam v. Civil Serv. Comm'n (Arriola)*, 2019 Guam 13 ¶ 14. *De novo* is used to determine "whether a lower tribunal addressed all the issues raised in the proceedings." *Port Auth. of Guam*, 2019 Guam 13 ¶ 14. Toves states that there is no disagreement regarding the facts and dates in question, but rather the issues regarding the legal implications of these facts. The Court agrees with Toves that there is no dispute over material facts and finds that the issue to review is whether the CSC adequately considered impossibility. The question of impossibility is purely a question of law, which is reviewed *de novo*.

The Court starts with the plain language of the statute at issue. *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 6.

> An employee in the classified service who is charged by indictment, information, or magistrate's complaint with any crime in any court or who is convicted of a crime in any court except Traffic Court shall provide the head of the department or agency employing the employee with written notice of the charges or the conviction within seventy-two (72) hours thereof.

4 GCA § 4202.1. The plain language indicates that the 72 hours begin to run upon a charge or conviction. There is no mention of confinement, or exceptions to the timeframe in the event the employee is incarcerated or otherwise unable to provide the required notice. Absent such exceptions, the Court interprets the statute to be enforced even if a person is detained.

Next, even assuming the doctrine of legal impossibility can be invoked, the Court addresses who must prove impossibility. The Guam Supreme Court has held that an impossibility may arise when a supervening event makes a party's performance objectively impossible or impracticable. *Palmer v. Mariana Stones Corp.*, 2021 Guam 5 ¶ 43. Typically, in contract and civil contempt cases, the party raising the impossibility defense has the burden of proving legal impossibility. *See Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 802 (6th

ORIGINAL

Cir. 2017); *Massachusetts Bay Transp. Auth. v. United States*, 254 F.3d 1367, 1373 (Fed. Cir. 2001); *Coleman v. Newsom*, 131 F.4th 948 (9th Cir. 2025). Courts have found that to illustrate impossibility, the party invoking this defense has the burden to demonstrate that it was unable to comply; its inability to comply was not self-induced; and it took "all reasonable steps" to comply. *Gascho*, 875 F.3d at 802; *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 381-83 (6th Cir. 2003). Additionally, the party invoking the defense must prove that it "explored and exhausted alternatives" before concluding that there was a legal impossibility. *Massachusetts Bay Transp. Auth.*, 254 F.3d at 1373. "The party asserting the impossibility defense must show categorically and in detail why he is unable to comply." *Coleman*, 131 F.4th at 959-60. These authorities persuade this Court that because Toves is the party invoking the doctrine of legal impossibility, the burden of establishing impossibility falls on him, not DPW. Toves, not DPW, would be in the best position to provide evidence of the circumstances that allegedly made his compliance impossible. As the proponent of this doctrine and the party seeking to avoid a legal responsibility, the burden to establish the basis for that avoidance falls squarely upon him.

Second, in assessing whether impossibility was established, the Court considers whether Toves illustrated his inability to comply, whether his inability was self-induced, whether he took all reasonable steps to comply, and whether he explored and exhausted alternative remedies. Notably, difficulty with compliance is insufficient to meet the burden of establishing impossibility. *Id.* at 960 (finding a lack of impossibility when the party "failed to adduce evidence of impossibility or rebut clearly meaningful pathways that could potentially bring it into compliance)."

In examining Toves' filings, the Court does not find that Toves has shown facts that show that providing written communication to the head of DPW within 72 hours of his arrest was



impossible. In fact, Toves gives no explanation. The Court acknowledges the obvious—that confinement comes with restrictions. Perhaps DOC did not allow him to send written notes? Perhaps Toves could not reach a family member who could give the written notice, to the extent such delegation is possible? But it is not the Court's job to fill in the gaps and make assumptions about what is and is not impossible. That burden fell on Toves. As in *Coleman*, just because compliance may have been challenging does not mean compliance was impossible. The Court simply has no facts other than the fact of his confinement upon which to determine the impossibility of Toves' circumstances, and that fact, on its own, is not enough.

## III.  CONCLUSION AND ORDER

Section 4202.1 does not exempt the period of time one is incarcerated from the calculation of the 72 hours with which a government employee must notify their employer of a criminal charge. Even if the impossibility of compliance with this law could be considered, Toves maintained the burden to prove impossibility, but he failed to meet that burden. Therefore, the Court DENIES the Petition for Judicial Review.

**SO ORDERED, 28 August 2025.**

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Parties:
Joshua Walsh, Esq., Razzano Walsh & Torres, P.C., for Employee-Petitioner, Johnny C. Toves
Thomas Keeler, Assistant Attorney General, Office of the Attorney General, for Management-
　　　Real Party in Interest, Department of Public Works
Respondent Guam Civil Service Commission (unrepresented)

